UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: Toys "R" Us., Inc., et al.<br>Debtors. | Case No. 17-34665-KLP<br>Chapter 11<br>Jointly Administered |
| The TRU Creditor Litigation Trust<br>    Plaintiff,<br>v.<br>UPS Supply Chain Solutions Inc.<br>    Defendant. | Adv. Pro. No. 19-03087-KLP |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion to dismiss (the "Motion to Dismiss") filed by Defendant UPS Supply Chain Solutions, Inc. (the "Defendant"). Plaintiff TRU Creditor Litigation Trust (the "Trust") filed the complaint initiating this adversary proceeding (the "Complaint") against Defendant on September 16, 2019, seeking the avoidance of certain allegedly preferential transfers and the return of $12,186,529.05, plus costs and pre- and post-petition interest.

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 14, 1984. The preference cause of action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

**Standard of review**. Rule 8(a)(2) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 8(a)(2),[1] provides that in order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is

---

[1] Made applicable herein by Rule 7008 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 7008.

1

entitled to relief." To survive a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), Fed. R. Civ. P. 12(b)(6),[2] a complaint must contain enough factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In making this determination, a court must "accept as true all well-pled facts in the complaint and construe them in the light most favorable to [the plaintiff]," but "[a]. . . court is not bound to 'accept as true a legal conclusion couched as a factual allegation.'" *Garrett v. Cape Fox Facilities Servs.*, Civil Action No. 1:19-cv-579, 2020 WL 265869, at *3 (E.D. Va. Jan. 17, 2020) (quoting *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014)). The rule in the Fourth Circuit is that generally, consideration of extrinsic evidence is not proper at the 12(b)(6) stage, but "a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

**A review of the relevant history of the case**. The Debtors[3] filed their chapter 11 cases on September 19, 2017. In July 2018, certain parties in the cases

---

[2] Made applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 7012.

[3] An order was entered on September 19, 2017, in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia directing joint administration for procedural purposes only of the chapter 11 cases of: Toys "R" Us, Inc., Case No. 17-34665; Geoffrey Holdings, LLC, Case No. 17-34660; Geoffrey International, LLC, Case No. 17-34666; Geoffrey, LLC, Case No. 17-34667; Giraffe Holdings, LLC, Case No. 17-34661; Giraffe Junior Holdings, LLC, Case No. 17-34662; MAP 2005 Real Estate, LLC, Case No. 17-34663; Toys "R" Us - Value, Inc., Case No. 17-34664; Toys "R" Us (Canada) Ltd., Case No. 17-34668; Toys "R" Us - Delaware Inc., Case No. 17-34669; Toys "R" Us Europe, LLC, Case No. 17-34670; Toys "R" Us Property Company II, LLC, Case

entered into a comprehensive settlement agreement (the "Settlement Agreement"). The Debtors' motion seeking approval of the Settlement Agreement summarized the terms of the agreement as follows:

> Among other things, the Settlement Agreement resolves potential Claims and Causes of Action that could be asserted by the Creditors' Committee (on behalf of the Debtors' estates) or by other parties against the B-4 lenders. In exchange for this resolution, the Settlement Agreement provides significant benefits to creditors. First, it contemplates a significant cash payment for the benefit of Administrative Claim Holders—along with the potential for increased recoveries through preserved litigations and contingent sharing arrangements—facilitated by the Prepetition Secured Lenders' consent to carve out significant value from their collateral and the superpriority administrative claims granted to such lenders as adequate protection. Second, it provides a waiver of all preference actions against prepetition unsecured creditors as well as postpetition creditors and vendors (other than any vendors who choose to opt-out). Third, the Settlement Agreement specifically preserves all potential claims and causes of action against the North American Debtors' directors, officers, and managers (including Sponsor-appointed directors, officers, and managers), and transfers such claims, along with other avoidance actions, to a trust for the primary benefit of holders of Administrative Claims. Finally, the Settlement Agreement also provides certainty to the Prepetition Secured Lenders, and provides for mutual releases of claims among creditor constituencies in addition to the estate releases of Claims and Causes of Action against creditors.

ECF Dkt. 3814, Motion ¶ 3.  In short, in the Settlement Agreement, the Debtors granted releases of the estates' potential litigation claims against certain lenders. Those released claims might have provided some recovery to certain creditors.  In order to compensate those creditors for consenting to the Debtors' releases of the

---

No. 17-34671; Toys Acquisition, LLC, Case No. 17-34672; TRU Asia, LLC, Case No. 17-34673; TRU Guam, LLC, Case No. 17-34674; TRU Mobility, LLC, Case No. 17-34675; TRU of Puerto Rico, Inc., Case No. 17-34676; TRU Taj (Europe) Holdings, LLC, Case No. 17-34677; TRU Taj Finance, Inc., Case No. 17-34678; TRU Taj Holdings 1, LLC, Case No. 17-34679; TRU Taj Holdings 2 Limited, Case No. 17-34680; TRU Taj Holdings 3, LLC, Case No. 17-34681; TRU Taj LLC, Case No. 17-34682; TRU-SVC, Inc., Case No. 17-34659; Wayne Real Estate Parent Company, LLC, Case No. 17-34683. The docket in Case No. 17-34665 should be consulted for all matters affecting these cases.

potential litigation claims, the Debtors agreed to release any potential avoidance claims against those creditors. The Debtors sought court approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019 (ECF 3814), and the order approving the Settlement Agreement was entered on August 8, 2018 (ECF 4083).

The Settlement Agreement contained the following language:

Section 3.4(b) Debtor Release. For good and valuable consideration, on and after the date of the entry of the Settlement Order, the Debtors and their estates hereby release and discharge the following Claims and Causes of Action whether known or unknown:
…
(5) any and all Claims and Causes of Action arising under (a) chapter 5 of the Bankruptcy Code (including, for the avoidance of doubt, claims arising under section 502(d) of the Bankruptcy Code), or (b) any state-law equivalents of chapter 5 of the Bankruptcy Code, including state fraudulent conveyance laws and/or state preference laws, against any noninsider pre- or postpetition creditors, whether or not they are eligible to participate in the Administrative Claims Distribution Pool (including, without limitation, vendors, suppliers, landlords, employees, and other creditors, each in their capacity as such) other than any Administrative Claim Holders that affirmatively opt-out of participation in the Administrative Claims Distribution Pool.

ECF 3814, Settlement Agreement § 3.4(b). The Debtors' chapter 11 plan (the "Plan") (ECF 5602), confirmed by order entered November 21, 2018 (the "Confirmation Order") (ECF 5746), incorporates the terms of the Settlement Agreement. The Confirmation Order required, as a condition precedent to the effectiveness of the Plan, that Debtors file a Non-Released Claims Trust Agreement as soon as reasonably practicable after the entry of the Confirmation Order, as required by the terms of the Settlement Agreement. (Confirmation Order, page 8).

The Non-Released Claims Trust Agreement (the "Trust Agreement") was filed with the Court on April 30, 2019. (ECF 6925). Article II of that Trust

Agreement created the TRU Creditor Litigation Trust (the "Trust"), the plaintiff in this action, for the purpose of liquidating and distributing the Non-Released Claims Trust Assets. Trust Agreement § 2.2(a). The Trust Agreement defines "Non-Released Claims" as:

> (i) any Claims or Causes of Action held by the Toys Delaware Debtors, Toys Inc., or their respective estates or creditors against any D&O Party, and (ii) any Avoidance Actions held by, as applicable, Toys Delaware or Toys Inc. or their respective estates that are not released pursuant to the Settlement Agreement or Global Settlement Agreement, including any Avoidance Actions against noninsiders not otherwise released pursuant to the Plans or the Propco I Plan. For the avoidance of doubt, Non-Released Claims shall include all D&O Claims.

Trust Agreement, § 1.2(dd).

In addition to the Confirmation Order's requirement that the Non-Released Claims Trust Agreement be filed, the Plan itself provides that "[o]n and after the Effective Date, the Debtors waive, release and discharge any and all Avoidance Actions against all Released Parties, and each Avoidance Action Released Party . . . ." (Plan, Art. VIII(D)). The Plan's definition of "Released Parties" includes "all Holders of Administrative Claims who do not affirmatively opt-out of the Settlement Agreement." (Plan, Art. I.A 154(j)). The Plan defines "Avoidance Action Released Party" in part as "any non-insider holder of a prepetition or postpetition Claim against the Debtors (other than holders of Administrative Settlement Claims that opt-out of the Settlement), regardless of whether such holder is entitled to participate in the Administrative Claims Distribution Pool…" (Plan, Art. I.A.28(a)).

After its creation, the Trust began to pursue various claims on behalf of its constituency, the first of which, including this adversary proceeding, were filed on September 16, 2019. The Complaint in this adversary proceeding seeks the recovery of $12,186,529.05, plus costs and pre- and postpetition interest pursuant to §§ 547, 549, and 550 of the Bankruptcy Code. The Defendant then filed the Motion to Dismiss, asserting that the Defendant is a "Released Party" as that term is defined in the Settlement Agreement and arguing that any Chapter 5 claims against it were released by the Settlement Agreement.

Positions of the Parties. The Defendant does not argue that the Trust, in the Complaint, has failed to plead the elements of a preference pursuant to § 547 of the Bankruptcy Code. Rather, the Defendant asserts that any Chapter 5 claims against it were released by the terms of the Settlement Agreement.

The Trust urges that the question of whether the Defendant was a Released Party constitutes an affirmative defense that is not proper to address in a motion to dismiss. The Trust points to the decision of this Court in *Arrowsmith v. Mallory (In re Health Diagnostic Lab, Inc.)*, Adv. Pro. No. 16-03271, 2017 Bankr. LEXIS 2230 (Bankr. E.D. Va. Aug. 9, 2017), as support for its position. As part of its argument, the Trust also asserts that the Motion to Dismiss relies on facts that are not properly before the Court. The Trust further argues that the Defendant was not a Released Party within the scope of the Settlement Agreement and Plan because it did not hold a claim either at the effective date of the Settlement Agreement or the effective date of the Plan.

Analysis.  The Court is guided in this matter by the recent decision of Judge Ellis in *Garrett v. Cape Fox Facilities Servs.*, Civil Action No. 1:19-cv-579, 2020 WL 265869 (E.D. Va. Jan. 17, 2020).  In that case, the defendants moved to dismiss the complaint against then, contending that the plaintiff had signed a release of the claims she was asserting against them.  In addressing the motion to dismiss, Judge Ellis instructed that a motion to dismiss based upon an affirmative defense may succeed only when the affirmative defense appears clearly on the face of the complaint:

> Ordinarily, however, an affirmative defense such as the execution of a release is not appropriately considered on a motion to dismiss. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). The Fourth Circuit has held that, only "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id*. Importantly, the Fourth Circuit has limited this exception to instances where all facts necessary to the affirmative defense "clearly appear [ ] on the face of the complaint." *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (emphasis added).

2020 WL 265869, at *3.  Judge Ellis further noted that the validity of a release relied upon as an affirmative defense may be put into question, since a release itself may be subject to defenses, including "mutual mistake, fraud, misrepresentation or duress and [whether the release was] knowing and voluntary." *Id*.  He further cited Fourth Circuit precedent that "to fall within the limited exception of addressing an affirmative defense on a motion to dismiss, the movant cannot merely show that the elements of the defense appear on the face of the complaint but must also 'show that plaintiff's potential rejoinder to the affirmative defense was foreclosed by the

7

allegations in the complaint.'" *Id.* (quoting *Goodman v. Praxair, Inc.*, 494 F.2d 458, 466 (4th Cir. 2007). Because the affirmative defense of release did not appear on the face of the complaint, Judge Ellis denied the motion to dismiss without prejudice to its assertion at the appropriate time.

Judge Huennekens of this Court also followed this approach in *Arrowsmith v. Mallory (In re Health Diagnostic Lab., Inc.)*, stating that "[t]he Court can entertain an affirmative defense in the context of a motion to dismiss only if the defense clearly appears upon the face of the Complaint." 2017 Bankr. LEXIS 2230, at *33. He found that none of the asserted affirmative defenses at issue had been pled on the face of the complaint and therefore denied several motions to dismiss.

The facts in this case are similar to those presented in *Garrett v. Cape Fox*. Here, as in that case, the existence of a release was not clearly pled in the Complaint. The Court recognizes that the Complaint refers to the Non-Released Claims Trust Agreement, but only to establish the identity of the Plaintiff. Nothing in the Complaint "show[s] that plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint," as required by *Garrett v. Cape Fox*. The Complaint in this case concerned itself only with establishing the claim of the Trust to the return of an allegedly preferential transfer. The applicability of the Release has been put into question by the Defendant, and in the pleadings, the parties have spent much time arguing over whether the terms of the Settlement Agreement and Plan and the surrounding facts functioned to release the Defendant.

8

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A motion to dismiss is not a vehicle that a party may employ to require the Court to determine every possible issue at the outset of the case. Whether the execution of the Settlement Agreement and the Plan released the Defendant from any Chapter 5 claims is not ripe for resolution at this early stage. As may be seen in the pleadings, there remain questions of fact and law that cannot be resolved by the Court on the record before it. Therefore, the Motion to Dismiss is DENIED without prejudice to the right of the Defendant to raise the defense of release at the appropriate time later in these proceedings.

Signed: May 22, 2020

                                              /s/ Keith L. Phillips

Copies:

Entered on Docket: May 26 2020

Joshua David Stiff
Adam M Carroll.
Wolcott Rivers Gates
200 Bendix Road
Suite 300
Virginia Beach, VA 23452

Henry J. Jaffe
Kenneth A. Listwak
PEPPER HAMILTON LLP
1313 N. Market Street, Suite 5100
Wilmington, Delaware 19899-1709

Amber D. Shubin
Natalie Fleming Nolan
MORRISON & FOERSTER LLP
1650 Tysons Blvd., Suite 400
McLean, VA 22102

9

Jennifer L. Marines  
Erica J. Richards  
MORRISON & FOERSTER LLP  
250 West 55th Street  
New York, New York 10019